■ CHRYSLER CREDIT CORP., Appellant, v GUSTAVO PASSARELLI et al., Respondents.—In an action, *inter alia,* to recover damages for conversion, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County, dated November 3, 1975, as (1) granted the motion of the defendants Hoffman for summary judgment and (2) denied its cross motion for summary judgment against all of the defendants. Order modified, on the law, by deleting therefrom the provision which granted the motion of defendants Hoffman and by substituting therefor a provision that the said motion is denied. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to plaintiff payable by defendants Hoffman. Factual issues exist as to whether the three-year Statute of Limitations applies to the claim against the defendants Hoffman. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ MARY COX, as Administratrix of the Estate of CHARLES COX, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and GABILA & SONS MFG., INC., Appellant.—In a wrongful death action, defendant Gabila & Sons Mfg., Inc., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered May 26, 1976, as is against it and in favor of plaintiff in the amount of $180,000, upon a jury verdict. Judgment affirmed, insofar as appealed from, with costs. Considering the facts surrounding the accident, which occurred while the decedent was a passenger in the appellant's truck, the trial court properly submitted the questions of appellant's negligence and the decedent's contributory negligence to the jury. The jury's determination, in plaintiff's favor, was supported by the evidence adduced at trial. Assuming that the trial court's refusal to charge that section 141 of the Traffic Regulations of the City of New York was applicable as between plaintiff's decedent and the appellant was error, it was not, under the circumstances of this case, sufficiently prejudicial to warrant a reversal. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.